UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUNA COMMUNITY COLLEGE,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, the United States of America, alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

3. Defendant, Luna Community College ("Luna"), is a corporate, governmental body and a political subdivision of the State of New Mexico, established pursuant to the laws of the State of New Mexico.

4. Luna is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5. Charlene Ortiz-Cordova was employed by Luna from 1993 to 2000, and from 2001 to 2006.

6. Leroy Sanchez served as Luna's President from 2001 to 2006.

7. Between February 2005 and May 2005, and again in May 2006, Sanchez engaged in sexually harassing actions with respect to Ortiz-Cordova, including:

    (a) Making unwanted sexual contact with Ortiz-Cordova, including but not limited to kissing her, placing his hands on her breasts, attempting to place his hands down her pants, placing his hands up her skirt and grabbing her buttocks, and attempting to force her to touch his genital area;

    (b) Making sexual gestures towards Ortiz-Cordova, including but not limited to rubbing his genital area in her presence; and

    (c) Repeatedly making sexually explicit comments to Ortiz-Cordova.

8. During the time that Sanchez engaged in sexually harassing actions with respect to Ortiz-Cordova, Luna's employee handbook required any Luna supervisor who received a complaint of sexual harassment to report the complaint within five (5) days to Luna's Human Resources Department.

9. In March or April 2005, Ortiz-Cordova complained to her then immediate supervisor, Dr. Gilbert Rivera, then Luna's Dean of Academic Studies, regarding Sanchez's sexually harassing actions towards her. Rivera never reported Ortiz-Cordova's complaint to Luna's Human Resources Department.

10. In April or May of 2005, Ortiz-Cordova complained of Sanchez's sexually harassing actions to Veronica Serna, who was employed at the time as Luna's Information Systems Coordinator. Serna never reported Ortiz-Cordova's complaint to Luna's Human Resources Department.

11. Later in 2005, Ortiz-Cordova complained to her then immediate supervisor, Renee Garcia, Luna's Academic Director of Business and Professional Studies, regarding Sanchez's sexually harassing actions. Garcia did not report Ortiz-Cordova's complaint to Luna's Human Resources Department at that time. On or about May 10, 2006, Ortiz-Cordova again complained to Garcia about Sanchez's sexually harassing actions earlier in May 2006. On or about May 10, 2006, Garcia finally reported Ortiz-Cordova's complaint to Luna's Human Resources Department.

12. On or about May 11, 2006, Lawrence Quintana, Luna's Director of Human Resources, met with Ortiz-Cordova and Garcia to discuss Ortiz-Cordova's complaint. On that same date, Quintana met with Sanchez and instructed him to cease direct contact with Ortiz-Cordova.

13. Quintana subsequently interviewed Rivera and Serna regarding Ortiz-Cordova's complaint. However, subsequent to these interviews, neither he nor any other Luna official took any further action regarding Ortiz-Cordova's complaint.

14. Sanchez ultimately received no discipline for his sexual harassment of Ortiz-Cordova.

15. The Equal Employment Opportunity Commission ("EEOC") received a timely charge (Charge No. 543-2007-00004) filed by Ortiz-Cordova against Luna on or about October 2, 2006, in which she alleged, *inter alia*, that she had been discriminated against on the basis of sex when she was subjected to sexual harassment by a supervisor, Luna's then-President, Sanchez.

16. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge filed by Ortiz-Cordova, found reasonable cause to believe, *inter alia*, that: Ortiz-Cordova was subjected to sexual harassment by Luna's then-President; Ortiz-Cordova complained about the harassment; and Luna did not take appropriate action once it became aware of Ortiz-Cordova's complaint and complaints of other female employees. The EEOC attempted unsuccessfully to achieve a voluntary resolution of the charge and subsequently referred the matter to the Department of Justice.

17. Luna has discriminated against Ortiz-Cordova, on the basis of her sex (female), in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

(a) Subjecting her to sexual harassment by a supervisor, Luna's then-President, thereby creating and maintaining a hostile work environment that adversely affected the terms, conditions, and privileges of her employment; and

(b) Failing or refusing to take appropriate action to prevent and promptly correct the discriminatory treatment and its effects.

18. All conditions precedent to the filing of suit have been performed or have occurred.

**WHEREFORE**, the United States prays that the Court grant the following relief:

(a) Enter an order enjoining Luna from subjecting employees to sexual harassment and failing or refusing to develop and implement appropriate and effective policies designed to prevent and correct promptly any sexual harassment that occurs;

(b)  Award compensatory damages to Ortiz-Cordova to fully compensate her for the injuries caused by Luna's discriminatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(c)  Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

By: _____
JOHN M. GADZICHOWSKI (WI Bar No.1014294)
Chief

_____
WILLIAM B. FENTON (DC Bar No. 414990)
Deputy Section Chief

_____
BRIAN G. McENTIRE (VA Bar No. 48552)
Senior Trial Attorney
Employment Litigation Section, PHB
Civil Rights Division
United States Department of Justice
950 Constitution Avenue, NW, Room 4908
Washington, DC 20530
(202) 305-1470
(202) 514-1005 (fax)

GREGORY J. FOURATT
United States Attorney

*Filed electronically 1/9/09*
JAN ELIZABETH MITCHELL
MICHAEL H. HOSES
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: jan.mitchell@usdoj.gov

6